D. G. FISHER v. ENGLISH LUMBER COMPANY.

(Filed 23 December, 1911.)

1. Contracts—Vendor and Vendee—Acceptance—Evidence.

   In an action for the contract price of lumber sold and delivered by the plaintiff to the defendant, there was evidence tending to show that the defendant had accepted the lumber through its agent: *Held,* under the evidence in this case, with a proper charge from the court, the verdict of the jury finding for the plaintiff, and that there was an acceptance of the lumber by the defendant, without misrepresentation by the plaintiff, was without error.

2. Contracts—Vendor and Vendee—Unliquidated Damages—Instructions.

   When the plaintiff is suing only upon a contract for lumber sold and delivered, the contract price, and not unliquidated dam-

ages, is to be ascertained by the jury, and defendant's prayer for special instruction presenting the latter question of damages is properly refused.

### 3. Principal and Agent—Evidence—Ratification.

When there is evidence of agency and of a ratification of the acts of an alleged agent, evidence is competent for the purpose of binding the principal by his agent's acts, which tends to show what occurred between plaintiff and the alleged agent relating to an acceptance by the latter of goods sold and delivered to the defendant, which the defendant claimed did not come up to representation made by the plaintiff to him.

APPEAL from *Cline, J.,* at March Term, 1911, of SWAIN.

This action was brought to recover the purchase price of lumber sold by the plaintiff to the defendant, and the question to be decided is whether the sale was executed or executory. The contract, as plaintiff alleged, was for the sale of oak, chestnut, and poplar lumber, except the chestnut culls, the "cull lumber" having been theretofore sold to Mr. Wilbar, as explained to defendant, who was to pay for the lumber $12 per thousand feet. The plaintiff also alleged that the lumber "was sold pack run, and defendant was to take it just as it came to it, except the chestnut culls, which were to be thrown out." The stock was to run from 3 to 6 feet in length and was supposed to be one face clear, but with some culls in it.

The defendant denied that it made the contract as set out in the complaint, and alleged a different agreement. It also denied that Mac. English, an officer of defendant company, was authorized to contract for it.

The plaintiff introduced letters which passed between the parties, and other evidence which tended to show that English had such authority, and stating that the company would send Mr. Hayes "to take the stock up," and, after receiving a letter from the plaintiff explaining the agreement with Mac. English, the defendant sent Mac. English and Hayes to inspect the lumber, or "to take it up," as expressed in the case, which we understand to mean that they were to inspect it and, if found to be according to the quantity and quality represented by plaintiff, to accept it. Plaintiff asked Mac. English if he had seen the lumber, and he said that he had seen it and "it was all right."

The defendant afterwards did accept one car-load of the lumber, and it was shipped by it from the place of delivery, and it refused to take the other part of the lot because it was not of the quality represented.

The court instructed the jury as to the bearing of the evidence, and the contentions of the parties, and the issues of fact and law.

The defendant requested the court to charge the jury as follows:

"If the jury should find from the evidence that there was a contract for the sale of lumber, as alleged in the complaint, and that the defendant failed and refused to comply with and perform the same, and refused to accept the lumber, then before the plaintiff could recover in this action, he must both allege and prove the damages he sustained by reason of such breaches of the contract on the part of the defendant before he would be entitled to recover judgment for any amount because of such breach."

The defendant excepted to some of the instructions, which will be noticed hereafter.

The jury returned the following verdict:

1. Did the defendant purchase from the plaintiff the lumber described in the complaint? Answer: Yes.

2. Did the defendant fail and refuse to take up and pay for the lumber covered by its contract with the plaintiff? Answer: Yes.

3. What amount, if any, is the plaintiff entitled to recover from the defendant? Answer: $504, with interest from 3 December, 1909.

Judgment was entered upon the verdict, and defendant appealed.

*Bryson & Black for plaintiff.*
*J. G. Merrimon for defendant.*

WALKER, J. There is not much in this case but a question of fact. Plaintiff contended that he had sold the lumber to the defendant, through its officer and agent, Mac. English, and that it was an executed sale and not a mere executory contract to sell

and deliver, and, further, that it had performed the contract on its part. There can be no doubt of the character of the agreement, if the jury accepted the plaintiff's version of the contract, instead of the defendant's, which they seem to have done. The defénse is that after inspecting and measuring the lumber and accepting it, through Mac. English and Hayes, the defendant, with the assistance of the plaintiff, loaded and shipped one car, and then discovered, as it alleges, that the balance of the lumber was not of the quality represented by the plaintiff. The jury passed upon this question, under the instructions of the court, and found against the defendant, so that there is nothing in the case left but the naked question as to the measure of damages.

The jury have found, under proper instructions and upon sufficient evidence, that plaintiff sold the lumber to the defendant, the identity of the lumber, the place of delivery, and the price being ascertained, and it appears that the only reason for the refusal was that a part of the lumber did not correspond in quality with what it was represented to be. If the jury had found this to be true, it may be that the defendant, under certain circumstances, would be entitled to a reduction of the price, or to reject the lumber. *Caldwell v. Smith,* 4 Dev. and Bat., 64. But there was some evidence to the effect that the defendant had the lumber inspected by English and Hayes and loaded and shipped a car-load of it. This was at least evidence of the fact that it had elected to accept the lumber, and the court having submitted the question of sale to the jury and they having found, upon all of the evidence, that there was a sale and that the quality of the lumber was not misrepresented, we do not perceive that there was any legal impediment to the plaintiff's recovery. The prayer for instruction was properly refused, as the plaintiff is suing for the price and not for unliquidated damages. If there was a sale, he is entitled to recover the price fixed by the contract, no fraud or any other vitiating fact having been shown.

The objection to what occurred between the plaintiff and Mac. English is not tenable. There was some evidence to show that he was authorized to represent the company, and, besides, the correspondence tended to show that he was recognized as

defendant's agent, with authority to make the contract for it, or, at least, that the company ratified what he did in its behalf.

We find nothing in the record to indicate that plaintiff was not ready, willing, and able to comply with its contract.

No error.